## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED,<br><br>                 Petitioner,<br>v.<br><br>GENERAL COMPANY FOR PORTS OF IRAQ, MINISTRY OF TRANSPORT OF THE REPUBLIC OF IRAQ, THE REPUBLIC OF IRAQ,<br><br>                 Respondents. | No. 22-cv-1571 (JEB) |

**PETITIONER ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED'S MOTION TO AUTHORIZE ATTACHMENT AND EXECUTION**

Pursuant to 28 U.S.C. § 1610(c), Petitioner Archirodon Construction (Overseas) Company Limited respectfully moves for an order authorizing attachment and execution on this Court's judgment. The grounds for the motion are set forth in the accompanying Memorandum of Points and Authorities and Declaration of Robert K. Kry and exhibit thereto, and the evidence and other materials previously submitted in the case.

Dated: April 26, 2024
        Washington, D.C.

Alexandra C. Eynon
*(pro hac vice)*
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York 10022

Respectfully submitted,

  /s/ Robert K. Kry
Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner Archirodon*
*Construction (Overseas) Company Limited*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED,<br><br>            Petitioner,<br>   v.<br><br>GENERAL COMPANY FOR PORTS OF IRAQ, MINISTRY OF TRANSPORT OF THE REPUBLIC OF IRAQ, THE REPUBLIC OF IRAQ,<br><br>            Respondents. | No. 22-cv-1571 (JEB) |

**PETITIONER ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AUTHORIZE ATTACHMENT AND EXECUTION**

Alexandra C. Eynon
(*pro hac vice*)
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York  10022

Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner Archirodon*
*Construction (Overseas) Company Limited*

**TABLE OF CONTENTS**

Page

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I.    The Court Should Authorize Attachment and Execution Under
28 U.S.C. § 1610(c) ........................................................................................................... 3

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Elliott Assocs., L.P. v. Banco de la Nacion*,
   No. 96 Civ. 7916, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ............................................4

*NED Chartering & Trading, Inc. v. Republic of Pakistan*,
   130 F. Supp. 2d 64 (D.D.C. 2001) ..........................................................................................4

*Owens v. Republic of Sudan*,
   141 F. Supp. 3d 1 (D.D.C. 2015) .........................................................................................4, 5

*Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*,
   No. 20-cv-129, 2021 WL 6644369 (D.D.C. July 13, 2021) ....................................................3

*Warmbier v. Democratic People's Republic of North Korea*,
   No. 18-977, 2019 WL 11276677 (D.D.C. Apr. 9, 2019) .........................................................3

## STATUTES AND RULES

28 U.S.C. § 1608(a)(3) ....................................................................................................................1

28 U.S.C. § 1608(b)(3) ....................................................................................................................1

28 U.S.C. § 1608(d) ........................................................................................................................1

28 U.S.C. § 1608(e) .....................................................................................................................2, 3

28 U.S.C. § 1610(a) ........................................................................................................................3

28 U.S.C. § 1610(b) ........................................................................................................................3

28 U.S.C. § 1610(c) ......................................................................................................1, 2, 3, 4, 5

## OTHER AUTHORITIES

H.R. Rep. No. 94-1487 (1976) ........................................................................................................4

Petitioner Archirodon Construction (Overseas) Company Limited ("Archirodon") respectfully submits this memorandum of points and authorities in support of its motion to authorize attachment and execution of this Court's judgment. Under the Foreign Sovereign Immunities Act ("FSIA"), "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). In this case, a "reasonable period of time" has now elapsed, and respondents have neither satisfied the judgment nor taken any steps toward satisfying the judgment. The Court should enter an order under Section 1610(c) authorizing Archirodon to begin attachment and execution efforts.

Pursuant to Local Civil Rule 7(m), on April 23, 2024, undersigned counsel contacted opposing counsel concerning this motion to determine whether there was any opposition to the relief sought. Respondents advised that they oppose the motion.

## BACKGROUND

This case arises out of an arbitral award that Archirodon obtained against the General Company for Ports of Iraq ("GCPI") dated June 4, 2019. Dkt. 1-2. On June 3, 2022, Archirodon filed a petition to confirm the Award against GCPI as well as Iraq's Ministry of Transport (the "Ministry") and the Republic of Iraq (the "Republic") on the basis of agency and alter ego relationships. Dkt. 1. Pursuant to 28 U.S.C. § 1608(a)(3), (b)(3), this Court's clerk served the Ministry and the Republic on October 11, 2023, and served GCPI in Baghdad on October 11, 2023, and in Basrah on October 26, 2023. Dkts. 14-16.

Respondents' opposition to the petition was due on Monday, December 11, 2023. 28 U.S.C. § 1608(d). On December 8, 2023, one business day before that deadline, prospective counsel for respondents contacted Archirodon's counsel to seek a three-month extension of time to respond to the petition. Kry Decl. ¶ 2. Following discussions, Archirodon's counsel proposed

a two-month extension conditioned on respondents' agreement to a coordinated briefing schedule for jurisdictional and merits objections. *Id.* Respondents rejected that condition, so the parties never reached agreement over any extension of time. *Id.* For reasons that remain unclear, respondents never sought an extension from the Court.

On January 30, 2024, this Court entered an opinion and order confirming the Award against all three respondents. Dkts. 17, 18. Following a detailed analysis, the Court concluded that it had subject-matter and personal jurisdiction over each respondent and that each respondent had been properly served. Dkt. 18 at 4-12. On February 1, 2024, the Court entered judgment in the amount of $119,928,596.54 as of January 31, 2024, plus post-judgment interest. Dkt. 20. Pursuant to 28 U.S.C. § 1608(e), the Court's clerk served the judgment on the Ministry and the Republic on February 19, 2024, and served GCPI in Baghdad on February 19, 2024, and in Basrah on February 21, 2024. Dkt. 29.

Meanwhile, on February 15 and 16, 2024, respondents finally appeared through counsel in this Court. Dkt. 27, 28. Nonetheless, respondents did not timely appeal from the judgment; they have not filed any motion for relief from the judgment; and they have not filed anything else in this Court since entering their appearances over two months ago. Respondents have not satisfied any portion of the Court's judgment. Kry Decl. ¶ 3.

On April 23, 2024, Archirodon's counsel wrote to respondents' counsel advising that Archirodon intended to file a motion under 28 U.S.C. § 1610(c) to authorize the commencement of attachment and execution efforts. Kry Decl. ¶ 4 & Ex. A. Archirodon asked for respondents' position on the motion and also specifically asked "whether your clients are in the process of taking any steps to satisfy the judgment voluntarily or whether you perceive some other basis why the court should refrain from granting our 1610(c) motion at this time." Kry Decl. Ex. A. Respondents advised that they opposed the motion. *Id.* They did not claim that they were in the

process of taking any steps to satisfy the judgment voluntarily. Instead, they asserted that the Court lacked personal jurisdiction over them and that they had not been properly served. *Id.* Respondents did not elaborate on the basis for those purported objections. Nor did they explain why they never raised the objections during the nearly four months before this Court granted the petition. Nor did they explain why they have never raised these objections during the nearly three months since then.

## ARGUMENT

**I.    THE COURT SHOULD AUTHORIZE ATTACHMENT AND EXECUTION UNDER 28 U.S.C. § 1610(c)**

Where a foreign sovereign refuses to satisfy a judgment voluntarily, the Foreign Sovereign Immunities Act authorizes the judgment creditor to execute against certain types of sovereign property. 28 U.S.C. § 1610(a)-(b). Section 1610(c) provides, however, that "[n]o attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." *Id.* § 1610(c).

A "reasonable period of time" has clearly elapsed in this case. As of the filing of this motion, nearly three months have elapsed since this Court entered judgment on February 1, 2024. Dkt. 20. And more than two months have elapsed since respondents were served with the judgment on February 19, 2024. Dkt. 29. Presumably additional time will pass during this Court's consideration of this motion.

That period is more than "reasonable" within the meaning of § 1610(c). *See, e.g.*, *Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 20-cv-129, 2021 WL 6644369, at *2 (D.D.C. July 13, 2021) (finding four months a "reasonable time"); *Warmbier*

3

*v. Democratic People's Republic of Korea*, No. 18-977, 2019 WL 11276677, at *2 (D.D.C. Apr. 9, 2019) (finding three and a half months since entry of judgment and two months since service a "reasonable period of time"); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015) (finding three months sufficient and citing with approval cases involving even shorter periods); *NED Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks sufficient); *Elliott Assocs., L.P. v. Banco de la Nacion*, No. 96 Civ. 7916, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (ten days sufficient).

The FSIA's legislative history provides guidance about factors courts should consider in deciding whether the time elapsed is "reasonable." "[C]ourts should take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." H.R. Rep. No. 94-1487, at 30 (1976). Here, those factors weigh strongly in favor of a finding that a reasonable period has elapsed.

The first three factors clearly favor granting this motion. Respondents have not satisfied any portion of the judgment and have given no indication that they are taking steps or plan to take any steps to satisfy the judgment voluntarily. Archirodon's counsel inquired "whether your clients are in the process of taking any steps to satisfy the judgment voluntarily or whether you perceive some other basis why the court should refrain from granting our 1610(c) motion at this time." Kry Decl. Ex. A. Respondents identified no steps they had taken, needed to take, or planned to take to pay the judgment voluntarily. *Id.*

With respect to the fourth factor, although Archirodon may not currently have evidence of a specific risk of asset flight, Archirodon's ability to obtain such evidence is hampered by the

4

fact that Archirodon cannot serve asset discovery until this Court grants this Section 1610(c) motion. In those circumstances, that factor warrants little weight.

Respondents' sole apparent basis for opposing this motion is their intent to challenge the judgment for lack of personal jurisdiction and service of process. Kry Decl. Ex. A. But a motion for relief from the judgment is not relevant under Section 1610(c). Judge Bates rejected the same argument in *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1 (D.D.C. 2015). The defendant in that case argued that "the Court should not deem a reasonable period to have elapsed, given that the Court might grant its pending motions to vacate the judgments." *Id.* at 10. But the court was "unconvinced . . . that this argument is consistent with § 1610(c)'s role in the scheme of the FSIA." *Id.* As it noted, "Section 1610 speaks in terms of 'time,' not procedural milestones." *Id.* "And the case law and legislative history suggest that the purpose of § 1610(c)'s reasonable-period requirement is to allow foreign states the opportunity to make arrangements for voluntary payment, . . . not to give foreign states an automatic stay of execution pending the resolution of postjudgment motions." *Id.* at 10-11. If post-judgment motions were not relevant in *Owens*, where the defendant had actually filed such motions, they certainly are not relevant here, where respondents have merely expressed an intent to file such motions in the future.

This Court already considered the issues respondents propose to raise and held that personal jurisdiction and service were both proper. Dkt. 18 at 9-12. Archirodon remains persuaded by the Court's analysis. If respondents had some colorable objection, surely they would not have waited **seven months** to bring it to the Court's attention. Respondents' egregious delays and failure to articulate any plausible basis for their challenge suggests that their forthcoming motion is merely a delay tactic to avoid execution.

5

## **CONCLUSION**

The Court should grant Archirodon's motion and authorize attachment and execution of the judgment under 28 U.S.C. § 1610(c).

Dated:  April 26, 2024
        Washington, D.C.

Respectfully submitted,

  /s/ Robert K. Kry

Alexandra C. Eynon
*(pro hac vice)*
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York  10022

Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner Archirodon*
*Construction (Overseas) Company Limited*

6