UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED, <br><br> Petitioner, <br><br> v. <br><br> GENERAL COMPANY FOR PORTS OF IRAQ, MINISTRY OF TRANSPORT OF THE REPUBLIC OF IRAQ, THE REPUBLIC OF IRAQ, <br><br> Respondents. | No. 22-cv-1571 (JEB) |

**PETITIONER ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY LIMITED'S MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), petitioner Archirodon Construction (Overseas) Company Limited ("Archirodon") respectfully moves for an order compelling respondents General Company for Ports of Iraq, the Ministry of Transport of the Republic of Iraq, and the Republic of Iraq to respond to its First Asset Discovery Requests in their entirety by November 14, 2024, or in the alternative, for a discovery conference.

The grounds for the motion are set forth in the accompanying memorandum of points and authorities, the attached Declaration of Robert K. Kry and exhibits thereto, and the prior filings and orders entered in the case. Pursuant to Local Civil Rule 7(m), Archirodon certifies that it met and conferred in good faith with respondents' counsel over the relief sought and that respondents oppose the motion.

2

Dated:  October 14, 2024  
         Washington, D.C.

Respectfully submitted,

  /s/ Robert K. Kry            

Alexandra C. Eynon  
(*pro hac vice*)  
MOLO LAMKEN LLP  
430 Park Avenue, 6th Floor  
New York, New York  10022

Robert K. Kry  
D.C. Bar # 490545  
MOLO LAMKEN LLP  
The Watergate, Suite 500  
600 New Hampshire Avenue, N.W.  
Washington, D.C.  20037  
(202) 556-2011  
rkry@mololamken.com

*Attorneys for Petitioner Archirodon*  
*Construction (Overseas) Company Limited*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ARCHIRODON CONSTRUCTION
(OVERSEAS) COMPANY LIMITED,

        Petitioner,

v.

GENERAL COMPANY FOR PORTS OF
IRAQ, MINISTRY OF TRANSPORT
OF THE REPUBLIC OF IRAQ,
THE REPUBLIC OF IRAQ,

        Respondents.

No. 22-cv-1571 (JEB)

---

**PETITIONER ARCHIRODON CONSTRUCTION (OVERSEAS) COMPANY
LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION TO COMPEL</u>**

Alexandra C. Eynon
*(pro hac vice*)
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York  10022

Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner Archirodon
Construction (Overseas) Company Limited*

**TABLE OF CONTENTS**

Page

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.    Respondents Are Not Immune from Discovery ...................................................... 3

II.    Respondents Fail To Show Any Conflict with Foreign Law .............................. 7

III.    Respondents' Alleged Assets in Iraq Are Irrelevant ............................................. 8

CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

### CASES

*EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012) .................................................2, 3

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755 (D.C. Cir. 1980)........................5

*Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 288 F. Supp. 2d 783
    (N.D. Tex. 2003)....................................................................................................................9

*Linde v. Arab Bank, PLC*, 706 F.3d 92 (2d Cir. 2013) ...................................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ..........................8

*NML Cap., Ltd. v. Republic of Argentina*, No. 03-cv-8845, 2013 WL 491522
    (S.D.N.Y. Feb. 8, 2013).........................................................................................................7

*Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014) .................................................3, 4

*Servaas Inc. v. Republic of Iraq*, No. 09-cv-1862, 2014 WL 279507
    (S.D.N.Y. Jan. 24, 2014).......................................................................................................5

*Servaas Inc. v. Republic of Iraq*, 653 F. App'x 22 (2d Cir. 2011)..................................................5

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522 (1987) ......................7

*Stati v. Republic of Kazakhstan*, No. 14-cv-1638, 2018 WL 11409986
    (D.D.C. Nov. 13, 2018).....................................................................................................6, 9

*Tatneft v. Ukraine*, No. 17-cv-582, 2021 WL 5353024 (D.D.C. Oct. 18, 2021)........................3, 7

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562 (7th Cir. 2000) .....................................................4

*Wye Oak Tech., Inc. v. Republic of Iraq*, No. 10-cv-1182, 2023 WL 7112801
    (D.D.C. Oct. 27, 2023).........................................................................................................6

### STATUTES AND RULES

28 U.S.C. § 1605(a)(6) ................................................................................................................4, 6

28 U.S.C. § 1610(c).........................................................................................................................1

Fed. R. Civ. P. 62(b) ...................................................................................................................3, 5

Fed. R. Civ. P. 69(a)(2)...............................................................................................................2, 3

Petitioner Archirodon Construction (Overseas) Company Limited ("Archirodon") respectfully submits this memorandum of points and authorities in support of its motion to compel responses to its First Asset Discovery Requests in their entirety by November 14, 2024, or in the alternative, for a discovery conference. Pursuant to Local Civil Rule 7(m), Archirodon certifies that it met and conferred in good faith with respondents' counsel over the relief sought and that respondents oppose the motion.

## BACKGROUND

This case arises out of an arbitral award that Archirodon obtained against the General Company for Ports of Iraq ("GCPI"). Dkt. 1-2. On June 3, 2022, Archirodon filed a petition to confirm the Award against GCPI as well as Iraq's Ministry of Transport and the Republic of Iraq on the basis of their agency and alter ego relationships. Dkt. 1. On January 30, 2024, this Court confirmed the Award against all three respondents. Dkt. 18. On February 1, 2024, the Court entered judgment for $119,928,596.54 plus post-judgment interest. Dkt. 20. Respondents refused to pay and instead moved to vacate the judgment. On August 16, 2024, this Court denied that motion. Dkt. 44. The Court also granted Archirodon's motion under 28 U.S.C. § 1610(c) to begin attachment and execution efforts. *Id.*

On August 27, 2024, Archirodon served its First Asset Discovery Requests, in which it sought documents and information about respondents' assets outside Iraq. Kry Decl. Ex. A. On September 26, 2024, respondents served responses and objections stating that they would not produce any documents or information. Kry Decl. Ex. B. On October 2, 2024, the parties met and conferred over those objections. Kry Decl. Ex. C.

During the meet and confer call, respondents confirmed that they would not produce any documents or information. Among other grounds, respondents asserted sovereign immunity. Kry Decl. Ex. C at 1. Although respondents acknowledged that this Court had rejected their

immunity arguments, they urged that they were appealing that decision and that they should not have to respond to discovery requests until the court of appeals rules on their immunity. *Id.* Respondents stated that they would not post security for a stay pending appeal. *Id.*

Respondents also asserted that Iraqi law prohibited them from producing anything in response to the discovery requests. Kry Decl. Ex. C at 1. Respondents' counsel could not identify any specific Iraqi law, but stated that their "understanding" was that Iraqi law prohibited any disclosures. *Id.* Respondents said they would provide more information later, but refused to provide any specific timetable. *Id.* at 1-2. They blamed their inability to provide any details on the fact that Iraqi laws are all written in Arabic. *Id.* at 2.

Respondents further refused to produce any documents or information on the ground that they had sufficient assets in Iraq to pay the judgment. Kry Decl. Ex. C at 2. Respondents stated that they were not offering to use those assets to pay the judgment, but asserted that there were unspecified "processes" in Iraq that Archirodon could invoke to seek payment. *Id.*

Finally, the parties discussed respondents' objection to Interrogatory No. 10, which asked respondents to identify "all Persons who participated in answering these Interrogatories and Document Requests." Kry Decl. Ex. C at 2. Archirodon asked whether any client representatives had in fact participated in answering the requests. *Id.* Respondents' counsel admitted that the answer was no and that they were still trying to contact their clients. *Id.*

## ARGUMENT

Federal Rule of Civil Procedure 69 authorizes "the judgment creditor . . . [to] obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[B]road post-judgment discovery in aid of execution is the norm in federal . . . courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd*, 573 U.S. 134 (2014). "The scope of

discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.*

Those principles apply fully to foreign sovereigns. So long as a court has jurisdiction over the sovereign under one of the Foreign Sovereign Immunities Act's immunity exceptions, the foreign sovereign is subject to asset discovery to the same extent as any other judgment debtor. *See Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 141-46 (2014). The Supreme Court has thus approved "sweeping" asset discovery into a foreign sovereign's "worldwide assets generally." *Id.* at 145-46; *see also Tatneft v. Ukraine*, No. 17-cv-582, 2021 WL 5353024, at *3 (D.D.C. Oct. 18, 2021), *appeal pending*, No. 21-7132 (D.C. Cir.).

Archirodon's asset discovery requests seek to identify assets that may be available to satisfy the judgment. Kry Decl. Ex. A. They are similar in scope to asset discovery requests commonly served in sovereign enforcement cases. Respondents' arguments for refusing to provide any documents or information in response are meritless. Respondents essentially seek a stay pending appeal of execution of this Court's judgment without having to post the security that the Federal Rules ordinarily require for a party seeking such a stay. Fed. R. Civ. P. 62(b). But respondents offer no reason why the Court should grant them that unusual dispensation. If respondents want a stay of discovery pending appeal, they should post a bond, just like any other appellant. Otherwise, they should comply with the asset discovery requests.

The Court should compel respondents to answer Archirodon's First Asset Discovery Requests in their entirety. At a minimum, the Court should hold a discovery conference.

**I.      RESPONDENTS ARE NOT IMMUNE FROM DISCOVERY**

Respondents urge that sovereign immunity protects them from having to respond to Archirodon's asset discovery requests. But the Supreme Court flatly rejected that argument in *NML Capital*. The Foreign Sovereign Immunities Act, the Court explained, contains "no . . .

provision forbidding or limiting discovery in aid of execution of a foreign-sovereign judgment debtor's assets." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 142 (2014). Accordingly, so long as a court has jurisdiction over the foreign sovereign under one of the Act's jurisdictional immunity exceptions, the Court has authority to compel the respondent to comply with asset discovery. *Id.* at 141-43. This Court already expressly found that it had jurisdiction over all three respondents under the Act's arbitration exception. Dkt. 18 at 4-9 (citing 28 U.S.C. § 1605(a)(6)). Under *NML Capital*, this Court therefore also has jurisdiction to enforce Archirodon's asset discovery requests.

Respondents protest that they are appealing this Court's denial of their motion to vacate. That argument fails for several reasons. **First**, the mere filing of a notice of appeal does not automatically stay all enforcement proceedings. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 565 (7th Cir. 2000) ("A notice of appeal does not stay enforcement of a district court's order."). Although respondents may intend to move for a stay at a future date, they have not moved for a stay yet, and this Court certainly has not granted a stay. A party's mere aspiration of obtaining a stay at some later date is no excuse for failing to comply with current obligations. This Court rejected respondents' immunity arguments over eight months ago on January 30, 2024 (Dkt. 18); the Court denied respondents' motion to vacate on August 16, 2024 (Dkt. 44); Archirodon served its asset discovery on August 27, 2024 (Kry Decl. Ex. A); and respondents have been out of compliance since September 26, 2024 (Kry Decl. Ex. B). Throughout that process, respondents have not sought a stay, let alone obtained one.

**Second**, even if respondents were to obtain a stay pending appeal, it would do them no good. Respondents' appeal relates to this Court's August 16, 2024 denial of their motion to vacate – ***not*** this Court's January 30, 2024 order confirming the Award. This Court found jurisdiction over respondents and rejected their sovereign immunity arguments in that earlier

4

decision. A stay of a denial of a motion to vacate does not also somehow stay the underlying decision that the party seeks to vacate. Respondents' time to appeal from the underlying judgment expired long ago, and any opportunity for a stay of that judgment pending appeal expired along with it.

***Third***, respondents have no plausible basis on which to obtain a stay pending appeal. Under Federal Rule of Civil Procedure 62(b), "a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). A bond for the full amount of the judgment is normally mandatory: "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, ***a full supersedeas bond should be the requirement in normal circumstances***, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) (footnote omitted) (emphasis added). A court may dispense with a bond only in "unusual circumstances" where the lack of security would "not unduly endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760-61.

Respondents refuse to post any security for a stay. Kry Decl. Ex. C at 1. But they cannot realistically claim that this case is one of those "unusual circumstances" where the judgment creditor has no need for security. Like many foreign sovereigns, Iraq has a lengthy track record of flouting court orders even after its immunity arguments are rejected on appeal. *See, e.g.*, *Servaas Inc. v. Republic of Iraq*, No. 09-cv-1862, 2014 WL 279507 (S.D.N.Y. Jan. 24, 2014) (imposing massive contempt sanctions against Iraq for misconduct in judgment enforcement proceedings despite court of appeals' prior rejection of sovereign immunity defense years earlier, *see Servaas Inc. v. Republic of Iraq*, 653 F. App'x 22 (2d Cir. 2011)), *vacated in part on other grounds*, 661 F. App'x 7 (2d Cir. 2016). Archirodon holds a $120 million judgment against Iraq,

5

but Iraq refuses to provide any information whatsoever about its assets in the United States or anywhere else in the world, let alone any assurance that those assets will stay put while the appeal unfolds.  Archirodon's need for security is obvious and urgent.

Judge Jackson's decision in *Stati v. Republic of Kazakhstan*, No. 14-cv-1638, 2018 WL 11409986 (D.D.C. Nov. 13, 2018), is directly on point.  In that case, Kazakhstan sought a stay without posting security while it appealed the court's decision confirming a foreign arbitral award against it.  The court recognized that it could waive security only if the absence of a bond would not "unduly endanger the judgment creditor's interest in ultimate recovery."  *Id.* at *2.  Kazakhstan urged that this standard was met because the petitioners had attached assets in parallel proceedings in Europe.  But the court found those foreign attachments "plainly inadequate as alternative security" because Kazakhstan was challenging the attachments in foreign courts.  *Id.*  Kazakhstan thus had "not met its burden of justifying a departure from the usual bond requirement."  *Id.*; *see also Wye Oak Tech., Inc. v. Republic of Iraq*, No. 10-cv-1182, 2023 WL 7112801, at *6 (D.D.C. Oct. 27, 2023) (authorizing registration of judgment in other districts because Iraq "failed to post a supersedeas bond to preclude enforcement of this Court's judgment until after appeal").

***Finally***, respondents' grounds for a stay without security are particularly nonexistent with respect to respondent General Company for Ports of Iraq.  GCPI has no conceivable basis for claiming sovereign immunity.  Respondents have argued that the Republic of Iraq and the Ministry of Transport are entitled to immunity because GCPI was not acting as their agent or alter ego when it entered into the arbitration agreement.  Dkt. 44 at 6-10.  But GCPI ***signed the arbitration agreement itself*** and thus indisputably waived immunity under the FSIA's arbitration exception.  28 U.S.C. § 1605(a)(6).  Respondents' lack of any non-frivolous grounds for

6

appealing the Court's denial of immunity with respect to GCPI provides yet another reason why respondents cannot categorically refuse to comply with asset discovery.

## II. RESPONDENTS FAIL TO SHOW ANY CONFLICT WITH FOREIGN LAW

Respondents also object to asset discovery on the ground that Iraqi law supposedly prohibits them from providing any information or documents whatsoever. That objection is similarly meritless.

Foreign laws prohibiting disclosure "do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that [foreign law]." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 544 n.29 (1987). Instead, a court must conduct a "comity" analysis in which it balances the importance of the information and other factors against the interests served by the particular foreign legal restrictions. *Id.* at 543-44 & n.28. That analysis is particularly likely to favor disclosure where the foreign restrictions are not narrowly tailored to some discrete interest. *See, e.g., id.* at 544 n.29 (denying comity to foreign "blocking statute"); *cf. Linde v. Arab Bank, PLC*, 706 F.3d 92, 111-12 (2d Cir. 2013) (upholding decision denying comity to foreign bank secrecy statutes).

This Court need not undertake a comity analysis here, however, because respondents have utterly failed to identify with any particularity the Iraqi laws that supposedly prohibit them from divulging any information. "To sustain an objection on grounds that the discovery requests contravene foreign law, [a respondent] must 'provide the court with information of sufficient particularity and specificity to allow the Court to determine whether discovery sought is indeed prohibited by foreign law.'" *Tatneft v. Ukraine*, No. 17-cv-582, 2021 WL 5353024, at *8 (D.D.C. Oct. 18, 2021). "Merely saying that the discovery requests will violate confidentiality or secrecy laws does not make it true or even take it beyond speculative." *Id.*; *see also NML Cap.,*

*Ltd. v. Republic of Argentina*, No. 03-cv-8845, 2013 WL 491522, at *3 (S.D.N.Y. Feb. 8, 2013) (respondent must identify "provisions of foreign law, the basis for its relevance, and the application of the foreign law to the facts of the case").

Respondents come nowhere close to making that showing. Respondents identify no specific Iraqi law that prohibits them from disclosing documents or information. Kry Decl. Ex. C at 1-2. Instead, respondents' counsel simply volunteered their own "understanding" that Iraqi law categorically prohibits all compliance with U.S. discovery obligations. *Id.* Respondents' counsel blamed their inability to identify specific Iraqi laws on the fact that "Iraqi laws are all in Arabic." *Id.* at 2. And while respondents suggested that they might identify specific laws in the future, they admitted that they had not been in touch with their client representatives even once during the five weeks between when Archirodon served its asset discovery requests and when the parties met and conferred over respondents' failure to comply. *Id.* at 1-2.

Respondents have thus forfeited any objection that foreign laws justify their failure to respond to Archirodon's asset discovery requests.

## III. RESPONDENTS' ALLEGED ASSETS IN IRAQ ARE IRRELEVANT

Finally, respondents assert that they should not have to respond to asset discovery because they supposedly have sufficient assets in Iraq to pay the judgment. Respondents admitted during the meet and confer session that they were not aware of any legal authority that supported this objection. Kry Decl. Ex. C at 2. Archirodon has not located any authority either.

The whole point of international arbitration is to settle disputes in a neutral forum. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630 (1985) ("[A]greeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting . . . ."). One of the principal reasons that parties include an arbitration clause in an international agreement is that "it avoids 'hometown justice' –

8

that is, it provides a neutral forum that avoids litigation in either party's home court." *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 288 F. Supp. 2d 783, 793 n.16 (N.D. Tex. 2003), *aff'd*, 115 F. App'x 201 (5th Cir. 2004). That is precisely why Archirodon insisted that the construction contract include a clause providing that any disputes would be settled by international arbitration at the International Chamber of Commerce in Geneva, Switzerland, rather than in the Iraqi government's own home courts in Iraq. Dkt. 1-4 cl. 20.

Respondents' argument flies in the face of that basic premise of international arbitration. Respondents insist that, even though Archirodon obtained an arbitral award from a neutral tribunal in Switzerland, and obtained a judgment confirming that Award from a neutral court in Washington, D.C., Archirodon should not be allowed to collect on that judgment – or to obtain the discovery it needs to enable that collection – unless Archirodon first goes to Iraq and convinces the Iraqi courts that the Iraqi government should have to pay the judgment. That theory defeats the whole point of international arbitration.

Courts have rejected much less extreme versions of this argument. For example, in *Stati*, as noted above, the court held that the Kazakh government could not avoid asset discovery on the ground that the petitioners had attached assets in Europe sufficient to satisfy the judgment. 2018 WL 11409986, at *2. Those attachments were "plainly inadequate as alternative security" because Kazakhstan was challenging the attachments in the European courts. *Id.* Clearly, if the existence of restrained assets in other **neutral** third countries is not a sufficient basis to avoid asset discovery, a sovereign's mere assertion that it has plenty of assets that the petitioner could try to seize through the **sovereign's own home courts** cannot suffice either.

Iraq's ownership of assets in Iraq thus is not a valid ground for refusing to comply with asset discovery.

9

## **CONCLUSION**

The Court should compel respondents to answer Archirodon's First Asset Discovery Requests in their entirety by November 14, 2024, or in the alternative, hold a discovery conference on respondents' refusal to answer Archirodon's requests.

Dated: October 14, 2024
       Washington, D.C.

Respectfully submitted,

Alexandra C. Eynon
*(pro hac vice)*
MOLO LAMKEN LLP
430 Park Avenue, 6th Floor
New York, New York  10022

  /s/ Robert K. Kry
Robert K. Kry
D.C. Bar # 490545
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2011
rkry@mololamken.com

*Attorneys for Petitioner Archirodon*
*Construction (Overseas) Company Limited*